UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jimmy E. Blessing, | ) C/A No. 6:16-cv-01832-BHH-KFM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Holly Scaturo, Director, | ) |
| Ms. Kimberly Poholchuk, B.M.C. Program Director, | ) |
| Ms. Cynthia Helff, B.M.C. | ) |
| Dr. Gothard, Psychologist, | ) |
| Dr. Brown, Psychologist, | ) |
| Dr. Trass, Psychologist, | ) |
| Dr. Swan, Psychiatrist, | ) |
| Ms. Marie Gehle, Evaluator, | ) |
| Dr. Donna Schwartz-Watts, Psychologist, | ) |
| Capt. Frank Abney, P.S.O Supervisor, | ) |
| Mr. Galen Sanders, Chief Nursing Administrator, | ) |
| Mr. Harold Alexander, R.N., | ) |
| Ms. Charlene Hickman, R.N., | ) |
| Dr. John McGill, Director of Department of Mental Health, | ) |
| Mr. Allen Wilson, Attorney General, | ) |
| Defendants. | ) |

This matter is before the court on a motion to certify class filed by the plaintiff and 14 others (doc. 41) and motions to reconsider filed by William J. Wilde, Adam L. Welch, Alfred W. LaSure, and Calvin Miller (docs. 42–45). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases involving a *pro se* party, and to submit findings and recommendations to the District Court.

## BACKGROUND

This is a civil rights action originally brought by 15 people ("the 15 original plaintiffs"), all proceeding *pro se*, who have been civilly committed to the South Carolina Department of Mental Health's Sexually Violent Predator Treatment Program. Pursuant to an order issued on June 15, 2016, the undersigned construed the action as being brought by the lead plaintiff, as the only signatory and apparent author of the complaint and its attachments; the other plaintiffs were terminated from the action and provided an opportunity to bring their own cases (doc. 29). The plaintiff filed objections to the order, and the Honorable Bruce Howe Hendricks, United States District Judge, overruled the objections (docs. 37, 39). The 15 original plaintiffs then filed the motion to certify class on July 28, 2016 (doc. 41). Wilde, Welch, LaSure, and Miller, who were original plaintiffs in this action and signed the motion to certify class, also filed motions for reconsideration of the undersigned's order that terminated them from this case (docs. 42–45).

## DISCUSSION

A plaintiff carries the burden of establishing each of the requirements for a class action. *See, e.g., Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006) ("[I]t *is the plaintiff* who bears the burden of showing that the class *does comply* with Rule 23."). The 15 original plaintiffs do not meet the requirements of Rule 23(a)(4), of the Federal Rules of Civil Procedure, which requires that they will be able to "fairly and adequately protect the interests of the class." "This requirement is met if it appears that (1) the Lead Plaintiff has interests in common with, and not antagonistic to, the proposed

class's interests; and (2) the Lead Plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation." *Temp. Servs., Inc. v. Am. Int'l Grp., Inc.,* No. 3:08-cv-00271-JFA, 2012 WL 2370523, at *3 (D.S.C. June 22, 2012); *see Simpson v. Specialty Retail Concepts, Inc.,* 149 F.R.D. 94, 102 (M.D.N.C.1993); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2nd Cir. 1968), *vacated and remanded on other grounds*, 417 U.S. 156 (1974). Here, there is no "lead attorney," or any attorney, and it is well settled that this circuit will not certify a class where a *pro se* litigant or litigants are acting as representatives of that class. *Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

The district court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971); however, such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Further, "[i]n a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment." Fed. R. Civ. P. 23(g) Advisory Committee Notes, 2003 Amendments, Subdivision (g), Paragraph (2). Rule 23(g) includes a list of considerations which the court must address in appointing class counsel, including the work already done by counsel in identifying and investigating potential claims, counsel's experience in handling other class actions and/or complex litigation, counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class. Hence, Rule 23(g) presumes that, in the typical class action, the court will be approving the

appointment of counsel who has previously applied for such appointment.  Here, the 15 original plaintiffs do not indicate that they have attempted to retain counsel.

As for the motions for reconsideration of the proper form order, on the grounds that a class should proceed instead of individual cases, nothing has been presented by the movants to alter the analysis set forth above, or in the proper form order itself.  As such, these motions should be denied.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is recommended that the Court deny the motion to certify class (doc. 41) and the motions for reconsideration (docs. 42, 43, 44, 45).

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

August 11, 2016  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).